IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| MARTIN R. CRADDOCK, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9704-CR-00161 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| RICKY BELL, WARDEN | ) | (Habeas Corpus) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Martin R. Craddock, Pro Se
#243707, R.M.S.I., Unit 6-A-120
7475 Crockrill Bend Road
Nashville, TN 37209-1010

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
            and
Karen M. Yacuzzo
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
            and
Lila Statom
Assistant District Attorney General
Washington Square
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Martin R. Craddock, appeals as of right from the Davidson County Criminal Court's denial of habeas corpus relief. He is presently in the custody of the Department of Correction serving a Range I sentence of ten years for his conviction of aggravated sexual battery in 1995. He contends that he received ineffective assistance of counsel and that the judgment entered against him is void because the indictment for aggravated sexual battery fails to allege the mens rea for the offense. We affirm the dismissal of the petition.

The petitioner was initially charged with two counts of rape of a child and one count of aggravated sexual battery. The petitioner pled guilty to aggravated sexual battery, and the remaining counts were dismissed. The record reflects that the count of the indictment charging aggravated sexual battery alleged that the petitioner "did engage in unlawful sexual contact" with the victim, a child less than thirteen years of age.

In State v. Milton S. Jones, Jr., No. 02C01-9503-CR-00061, Shelby County (Tenn. Crim. App. Mar. 7, 1997), applic. filed (Tenn. May 6, 1997), this court held that inclusion of the words "sexual contact" in an indictment for aggravated sexual battery necessarily implies an intentional mens rea. See also State v. Harold Leon Sutton, Jr., No. 03C01-9708-CC-00344, Sevier County (Tenn. Crim. App. Mar. 23, 1998), app. denied (Tenn. Nov. 2, 1998) (holding that an indictment alleging unlawful and felonious sexual contact sufficiently set forth the mens rea for aggravated sexual battery). As for the defendant's claim of ineffective assistance of counsel, it is not a proper issue to be raised in a habeas corpus proceeding. See State v. Archer, 851 S.W.2d 157, 164 (Tenn. 1993).

2

After full consideration of the record, the briefs, and the law governing the issues presented, we are of the opinion that the record supports the trial court's action, that no error of law exists that would require a reversal, and that no precedential value would be derived from the rendering of an opinion. Therefore, we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Joe G. Riley, Judge

_____
James Curwood Witt, Jr., Judge